IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDWARD HASENYAGER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CONSECO SENIOR HEALTH )<br>INSURANCE COMPANY and )<br>SENIOR HEALTH INSURANCE )<br>COMPANY OF PENNSYLVANIA, )<br>)<br>Defendants. ) | Case No. 10-0636-CV-W-ODS |

ORDER AND OPINION (1) GRANTING MOTION TO REMAND (DOC. 14), AND

(2) GRANTING MOTION TO FILE SURREPLY (DOC. 24)

Plaintiff has moved to remand this case back to the Circuit Court of Jackson County, Missouri. The Court grants Plaintiff's motion.[1]

I. BACKGROUND

Plaintiff, a Missouri citizen, has sued Defendants Conseco Senior Health Insurance Company and Senior Health Insurance Company, Pennsylvania citizens, on behalf of himself and other similarly-situated Missourians who purchased a Long-Term Care Policy from American Travelers, Conseco, or Senior Health Insurance.[2] Plaintiff's state court petition accuses Defendants of distributing uniform printed brochures and applications to the customers which fraudulently failed to disclose the known risk of multiple premium increases for their Long-Term Care policies, and with such knowledge

---

[1] Defendants' motion to file a surreply is also granted. The surreply attached to Defendants' motion is deemed filed.

[2] Plaintiff's full description of the proposed class is found in paragraph 37 of the state court class action petition. American Travelers is a subsidy of Conseco which merged with Senior Health Insurance.

the Plaintiff would not have bought or renewed his policy. Plaintiff further contends the Defendants failed to inform customers that the multiple increases in policy premiums were a result of a material defect with the original pricing and actuarial assumptions and not due to increases in usage of services as the Defendants represented. Defendants removed this action from the Circuit Court of Jackson County, Missouri, asserting that federal question jurisdiction existed because Plaintiff's causes of action were completely preempted by federal law. Defendants also asserted federal question jurisdiction existed because Plaintiff's state class petition met the requirements under the Class Action Fairness Act without exception. Plaintiff moves the Court to remand this case back to state court on the basis that federal jurisdiction was lacking due to the untimely filing of the Notice of Removal by the Defendants.

## II. DISCUSSION

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C § 1441(a). The notice of removal is required to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

In the state of Missouri, all foreign insurance companies must first appoint the Director of the Department of Insurance as their irrevocable power of attorney before the company can "directly or indirectly issue policies, take risks, or transact business in this state." R.S. Mo. § 375.906.1 (2007). This appointment authorizes the Director of the Department of Insurance to receive service of process on behalf of the insurance company. *Id.* Under R.S. Mo. § 375.906.1, service upon the Director shall "be deemed personal service upon the company."

Senior Health Insurance Company ("SHIP") is a citizen of Pennsylvania registered to do business in Missouri. Since SHIP is a foreign insurance company, in accordance with R.S. Mo. § 375.906.1, SHIP appointed the Director of the Department of Insurance as its representative for service of process.

2

On May 19, 2010 the Director of the Department of Insurance was served the summons and petition of this class action suit. Under R.S. Mo. § 375.906.1, service upon the Director constitutes service on the defendant. Consequently, the thirty-day removal window began on May 19, 2010. SHIP filed the notice of removal on June 24, 2010, after the time period for removal had lapsed. SHIP did not timely remove Hasenyager's class action suit.

The cases presented by the defendant hold that the time for removal is triggered by actual receipt of the summons and petition by the defendant and not by the statutory agent. *Pilot Trading Co. v. Hartford Insurance Group,* 946 F. Supp. 834, 838 (D. Nev. 1996); *Burton v. Continental Casualty Co.*, 431 F. Supp. 2d 651, 656 (S.D. Miss. 2006) (same). However, the reasoning behind these rulings was to provide the defendant with an adequate amount of time to have a fair opportunity to evaluate the need for removal. The present case is distinguished from these previous decisions because SHIP was given a copy of the class action petition on April 29, 2010, from which it had over fifty days to contemplate if there was a need for removal.

### III. CONCLUSION

SHIP's notice of removal was untimely. Plaintiff's motion to remand is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: September 28, 2010          UNITED STATES DISTRICT COURT